IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| J. JOHN MARSHALL, ESTATE OF MARJORIE MARSHALL, and KIMBERLY WILEY | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:11 CV 332 |
| JP MORGAN CHASE BANK, AMERIPRISE BANK, FIDELITY NATIONAL FIELD SERVICES, INC., JAKK MORTGAGE COMPANY, LPS, FIELD SERVICES, ROBERT HASBERGER , CITY OF ELKHART, CHIEF DALE PFLIBSEN, CPL. MICHAEL WINDMILLER, PTLMN. BRANDON ROUNDTREE, SGT. TRAVIS SNIDER, PTLMN. MICHAEL JANIS, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Defendant JP Morgan Chase Bank ("Chase") (DE # 49) and defendants Jakk Mortgage Company ("Jakk") and Robert Hashberger (DE # 46) have filed separate motions to dismiss plaintiffs' amended complaint under FED. R. CIV. P. 12(b)(6).[1] For the following reasons, those motions are granted in part, and denied in part.

---

[1] Plaintiffs filed responses to both of these motions. Neither response was timely filed, and neither response addressed the arguments defendants' make in their motions to dismiss. (DE ## 51, 52.)

**I. Facts**[2]

On August 20, 2009, plaintiffs J. John Marshall ("Marshall") and Kimberly Wiley ("Wiley") (collectively "plaintiffs") were working at Marshall's residence located at 1625 Brookwood Drive, Elkhart, IN ("the property"). The property was in foreclosure, but the foreclosure had not been completed. While plaintiffs were working at the property, an individual who did not identify himself entered the house in an aggressive manner, questioned plaintiffs about their right to be in the house, and demanded plaintiffs leave the house. This individual was later identified as defendant Robert Hashberger ("Hashberger"). Hashberger told plaintiffs that he owned and controlled the property, and also told plaintiffs that they should not be at the property.

At that point, Marshall identified himself as one of the owners of the property, and peacefully removed Hashberger. After Hashberger was gone, plaintiffs went back to work. Shortly thereafter, four City of Elkhart police officers arrived at the property with their guns drawn. Plaintiffs believe the officers arrived at the property after receiving a call from Hashberger reporting a burglary. The officers pointed their guns at Wiley, handcuffed her, and dragged her outside. Once outside, the officers questioned Wiley about Marshall.

The officers then entered the room where Marshall was working, pointed their guns at him, and told him to get down on the floor. Marshall informed the officers that

---

[2] The following facts are taken from plaintiffs' amended complaint (DE # 37), and are accepted as true for purposes of defendants' motions. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

2

he could not get on the floor because of a disability. The officers grabbed Marshall and handcuffed him instead. After Marshall was handcuffed, the officers dragged him outside for questioning.

At some point, it became apparent to plaintiffs that the officers presence at the property was due to an alleged breaking and entering committed by plaintiffs. Plaintiffs therefore told the officers that Marshall was the owner of the property. Even with this information, however, the officers made plaintiffs stand outside in the sun for almost an hour. The officers eventually told plaintiffs that they were being taken to jail, and read plaintiffs their Miranda rights. Marshall asked the officers if he could contact his attorney, but the officers ignored his request. Marshall eventually began to lose consciousness because he was forced to stand in the sun for such a lengthy period of time. Plaintiffs were released from police custody without any charges being filed.

On August 19, 2011, plaintiffs initiated the current action against several defendants, including Chase, Jakk, and Hashberger. Chase holds the first mortgage on the property, and was in the process of foreclosing on that mortgage at the time of the alleged incident. Jakk and Hashberger manage properties for Chase. In their amended complaint, plaintiffs bring a federal claim under 42 U.S.C. § 1983 and state-law claims of negligence, wrongful eviction, trespass, property damage, and theft against Chase. Plaintiffs contend that Chase is vicariously liable for the actions of its agents, including Jakk and Hashberger. Plaintiffs bring a federal claim under 42 U.S.C. § 1983 and state-law claims of negligence and false imprisonment against Jakk and Hashberger.

3

Defendants Chase, Hashberger, and Jakk have now moved to dismiss plaintiffs' claims against them.

**II. Legal Standard**

Defendants have moved to dismiss plaintiffs' claims under RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to state a claim upon which relief may be granted. RULE 8 of the FEDERAL RULES OF CIVIL PROCEDURE sets forth the pleading standard for complaints filed in federal court; specifically, that rule requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. "The RULE reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (internal quotation marks omitted). "While the federal pleading standard is quite forgiving . . . 'the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011) (quoting *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010)); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007).

For purposes of deciding defendants' RULE 12(b)(6) motion, the court accepts plaintiffs' factual allegations as true. *Pardus*, 551 U.S. at 93.

III. Analysis

    A. Chase's Motion to Dismiss

        1. Federal Claim

Plaintiffs have agreed to voluntarily dismiss their federal claim against Chase. (DE # 51.) Therefore, plaintiffs' claim under 42 U.S.C. § 1983 against Chase is dismissed.

        2. State Claims

Chase moves to dismiss all of plaintiffs' state-law claims. Each claim will be addressed in turn.[3]

        **A. Negligence**

To prevail on a claim of negligence under Indiana law, "a plaintiff is required to prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach." *Ford Motor Co. v. Rushford*, 868 N.E.2d 806, 810 (Ind. 2007). Chase argues that there are no facts alleged in plaintiffs' amended complaint that would support a claim of negligence against Chase. (DE # 50 at 6.) Chase is correct that there are no factual allegations in the complaint that Chase was negligent itself.

---

[3] In its reply brief, Chase argues that because plaintiffs failed to respond to its motion to dismiss, plaintiffs have waived their claims and Chase's motion to dismiss should be granted. (DE # 55 at 3-4.) The cases Chase cites for this proposition, however, dealt with situations where plaintiffs failed to respond to motions to dismiss attacking the legal merits of a complaint's underlying claims, not the sufficiency of the complaint under RULE 8, as Chase does here. *See, e.g.*, *Lekas v. Briley*, 405 F.3d 602, 614-15 (7th Cir. 2005); *see also Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). Chase's argument therefore fails.

Plaintiffs, however, argue that Chase is liable for negligence under a respondeat superior or agency theory of liability. Chase argues that plaintiffs have failed to allege sufficient facts to show that any of the entities listed in the complaint are Chase's agents.[4] (*Id.*) Plaintiffs have alleged that several defendants, including defendants Jakk and Hashberger, managed properties for Chase (DE # 37 at 4), and have also alleged that Chase instructed these defendants to go to the property (*Id.* at 9). Plaintiffs, therefore, have alleged a sufficient factual basis to support a finding that these defendants were acting on Chase's behalf, and thus, have alleged facts that support a respondeat superior theory of liability.[5] *Twombly,* 550 U.S. at 555 ("Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." (citation and quotation omitted)). Chase's motion to dismiss is therefore denied as it relates to plaintiffs' negligence claim.

---

[4] Chase argues that plaintiffs allege guesses, as opposed to facts, regarding their agency and respondeat superior liability theories. (DE # 50 at 6-7.) The allegations Chase is referring to are the equivalent of allegations made "upon information and belief." While there are cases that indicate that allegations made "upon information and belief" are insufficient to plead fraud under RULE 9, *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683-84 (7th Cir. 1992), Chase makes no argument that plaintiffs were required to comply with that rule. *See also Lewis v. Taylor*, No. 1:10–CV–00108, 2010 WL 3785109, at *2-3 (S.D. Ohio Sept. 21, 2010) (discussing allegations made "upon information and belief").

[5] "The existence of a master-servant or agency relationship gives rise to the application of respondeat superior, which is a tort theory of vicarious liability." *TMC Transp., Inc. v. Maslanka*, 744 N.E.2d 1052, 1055 n.3 (Ind. Ct. App. 2001).

**B. Wrongful Eviction**

In its memorandum in support of its motion to dismiss, Chase argues that plaintiffs have not alleged any facts that would support a claim for wrongful eviction. (DE # 50 at 7.) "[T]he tort of wrongful eviction only arises in the context of a landlord-tenant relationship . . . ." *Allstate Ins. Co. v. Dana Corp.*, 737 N.E.2d 1177, 1202 (Ind. Ct. App. 2000), *aff'd in relevant part*, 759 N.E.2d 1049, 1056 (Ind. 2001). There are no allegations anywhere in the amended complaint detailing a landlord-tenant relationship, and plaintiffs' wrongful eviction claim is therefore dismissed.

**C. Trespass**

To succeed on a claim for trespass under Indiana law, a plaintiff must prove two elements: "(1) the plaintiff must show that he possessed the land when the alleged trespass occurred, and (2) the plaintiff must demonstrate that the alleged trespasser entered the land without a legal right to do so." *Holland v. Steele*, 961 N.E.2d 516, 525 (Ind. Ct. App. 2012). Chase moves to dismiss plaintiffs' trespass claim because plaintiffs have failed to allege that Chase entered the property in any way. (DE # 50 at 7.) While Chase is correct that plaintiffs have not alleged that Chase entered the property in any way, plaintiffs have alleged facts to support a vicarious liability theory, and Chase's motion to dismiss is therefore denied as it relates to plaintiffs' trespass claim.

**D. Property Damage**

Chase argues that plaintiffs have failed to allege facts regarding any property damage in their amended complaint. (DE # 50 at 8.) The court agrees. There are no

7

allegations that any defendant in this case caused any damage to plaintiffs' property, and plaintiffs have therefore failed to plead "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Arnett v. Webster*, 658 F.3d 742, 751-52 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Chase's motion to dismiss as it relates to plaintiffs' property damage claim is therefore granted.

### E. Theft

To succeed in a civil action for theft under Indiana law, a plaintiff must prove a violation of the criminal theft statute by a preponderance of the evidence. *Sapp v. Flagstar Bank, FSB*, 956 N.E.2d 660, 667 (Ind. Ct. App. 2011). A person commits theft under Indiana law when they "knowingly or intentionally exert[] unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use . . . ." IND. CODE § 35–43–4–2(a). Chase argues that plaintiffs have not alleged facts that support a claim for theft against any defendant.[6]

The term "exert control over property" in Indiana's theft statute means "to obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property, or to secure, transfer, or extend a right to property." IND. CODE § 35–43–4–1(a). There are no factual allegations in plaintiffs' amended complaint that

---

[6] Chase actually states that plaintiffs have not alleged that any defendants' actions constituted property damage. (DE # 50 at 9.) This statement is made in the theft section of Chase's brief, and there court will therefore assume this was a mistake.

8

any defendant exerted control over any property owned by the plaintiffs. Chase's motion to dismiss as it relates to plaintiffs' theft claim is therefore granted.

### B. Jakk and Hashberger's Motion to Dismiss

#### 1. Federal Claim

In their motion to dismiss, Jakk and Hashberger argue that plaintiffs' claim under 42 U.S.C. § 1983 must be dismissed because plaintiffs have not alleged that either Jakk or Hashberger acted under color of state law. (DE # 46 at 2-3.) In order to succeed on a claim under § 1983, a plaintiff must show: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). There are two ways in which a defendant may be found to have acted under color of state law. "The first is when the state has cloaked the defendants in some degree of authority-normally through employment or some other agency relationship." *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003); *see also Wilson v. Price*, 624 F.3d 389, 394 (7th Cir. 2010). There is no allegation in plaintiffs' complaint that either Jakk or Hashberger was given authority by the state.

"The second circumstance in which . . . defendants may be found to act under color of state law is when the defendants have conspired or acted in concert with state officials to deprive a person of his civil rights." *Id.* "[M]ere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998); *see also Cooney v. Rossiter*, 583 F.3d 967, 970-71 (7th Cir. 2009). In this case,

9

plaintiffs do not allege that Jakk and Hashberger conspired or acted in concert with the police. Instead, plaintiffs merely allege that by contacting the police, Jakk "caused a chain of events that was certainly foreseeable on their part[.]" (DE # 37 at 10.) This allegation is not sufficient to demonstrate that either defendant Jakk or defendant Hashberger acted under color of state law.[7] Therefore, Jakk and Hashberger's motion to dismiss as it relates to plaintiffs' federal claim is granted.

### 2. State Claims

#### A. False Imprisonment

Defendants Jakk and Hashberger argue that plaintiffs' false imprisonment claim must be dismissed because plaintiffs have failed to allege that either Jakk or Hashberger restrained plaintiffs' freedom of movement or deprived their liberty. (DE # 47.) Under Indiana law, false imprisonment is defined as either "the unlawful restraint upon one's freedom of movement or the deprivation of one's liberty without consent." *Bentz v. City of Kendallville*, 577 F.3d 776, 779 (7th Cir. 2009) (citation and quotation omitted). It is possible, however, for someone who contacts the police to report a crime to be held liable for false imprisonment if the statement the person made to the police was motivated by an ill will or the person knowingly gave false information to police. *Veneman v. Jones*, 20 N.E. 644, 646 (Ind. 1889); *see also Williams v. Tharp*, 914 N.E.2d 756,

---

[7] The complaint also fails to allege that Jakk and Hashberger deprived plaintiffs of a federal constitutional right.

759-62, 769 (Ind. 2009); *Conn v. Paul Harris Stores, Inc.*, 439 N.E.2d 195, 197-99 (Ind. Ct. App. 1982).

In this case, plaintiffs have alleged facts that support a claim of false imprisonment. Specifically, plaintiffs have alleged that defendant Hashberger reported that a burglary was taking place at the property, despite plaintiffs telling Hashberger that Marshall was the owner of the property. Therefore, Jakk and Hashberger's motion to dismiss plaintiffs' false imprisonment claim is denied.

### B. Negligence

Defendants Jakk and Hashberger also argue that plaintiffs have failed to properly allege a claim of negligence. (DE # 47.) Specifically, defendants argue that plaintiffs have provided no factual allegations as to the basis for their negligence claim. In their amended complaint, plaintiffs allege that Jakk was negligent by failing to confirm the ownership of the property and failing to obtain a court order granting permission to enter the property. (DE # 37 at 10.) Defendants Jakk and Hashberger make no argument regarding these allegations,[8] and their motion to dismiss is therefore denied as it relates to plaintiffs' negligence claim.

---

[8] In their motion to dismiss, Jakk and Hashberger briefly mention that the facts alleged in plaintiffs' complaint fail to establish a duty of care. Jakk and Hashberger have not, however, developed this argument in a meaningful way, and the court will not make the parties' arguments for them. *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir. 1986) ("It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.").

**IV. Other Motions**

On August 29, 2012, the parties agreed that plaintiffs would have until October 1, 2012 to file an amended complaint or voluntarily dismiss defendants. (DE # 27.) Plaintiffs failed to do either by that deadline. Plaintiffs did eventually file an amended complaint and a motion to dismiss defendant Ameriprise Bank on November 1, 2012. (DE ## 35, 37.) The court grants plaintiffs leave to file their amended complaint (DE # 37). An amended complaint "becomes controlling once it is filed because the prior pleading is withdrawn by operation of law." *Ransom v. Lemmon*, No. 3:12–CV–065, 2012 WL 3292897, at *1 (N.D. Ind. Aug. 9, 2012) (citing *Johnson v. Dossey,* 515 F.3d 778, 780 (7th Cir. 2008)). Therefore, the motions to dismiss filed by Chase (DE # 8) and Ameriprise Bank (DE # 19) that were directed at plaintiffs' original complaint are **DENIED AS MOOT**.[9]

Plaintiffs have moved to dismiss defendant Ameriprise Bank with prejudice. (DE # 35.) That motion is **GRANTED**. Plaintiffs have also moved to dismiss the Estate of Marjorie J. Marshall as a plaintiff in this case. (DE # 36.) None of the defendants have objected to that motion, and it is therefore **GRANTED**.

---

[9] Defendants Jakk Mortgage Company and Robert Hashberger also moved to dismiss plaintiffs' original complaint. (DE ## 16, 17.) Although the CM/ECF system does not reflect a pending motion for this motion to dismiss, that motion to dismiss is also **DENIED AS MOOT**.

## V. Conclusion

For the foregoing reasons:

1. Defendant JP Morgan Chase Bank's motion to dismiss (DE # 8) is **DENIED AS MOOT**.

2. Defendant Ameriprise Bank's motion to dismiss (DE # 19) is **DENIED AS MOOT**.

3. Plaintiffs are granted leave to file their amended complaint. (DE # 37.)

4. Plaintiffs' motion to dismiss Ameriprise Bank with prejudice (DE # 35) is **GRANTED**. The Clerk is directed to dismiss defendant Ameriprise Bank from this case with prejudice.

5. Plaintiffs' motion to dismiss the Estate of Marjorie J. Marshall (DE # 36) as a plaintiff is **GRANTED**. The Clerk is directed to dismiss the Estate of Marjorie J. Marshall as a plaintiff in this case.

6. Defendants Jakk Mortgage Company and Robert Hashberger's motion to dismiss (DE # 46) is **GRANTED** as it relates to plaintiffs' federal claim, and **DENIED** as it relates to plaintiffs' state-law claims.

7. Defendant JP Morgan Chase Bank's motion to dismiss (DE # 49) is **GRANTED** as it relates to plaintiffs' federal claim and plaintiffs' state-law claims of wrongful eviction, property damage, and theft, and **DENIED** as it relates to plaintiffs' state-law claims of negligence and trespass.

                                       **SO ORDERED.**

Date: March 19, 2013

                                       s/James T. Moody
                                       JUDGE JAMES T. MOODY
                                       UNITED STATES DISTRICT COURT