UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| J. JOHN MARSHALL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:11-CV-332-JTM-CAN |
| | ) | |
| JP MORGAN CHASE BANK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

On March 19, 2013, this matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) & (C), Fed. R. Civ. P. 72(b), and N.D. Ind. L.R. 72-1(b) for preparation of a Report and Recommendation regarding Defendant's motion to dismiss [Doc. No. 57]. Defendants, City of Elkhart, Chief Dale Pflibsen, Cpl. Michael Windmiller, Ptlmn. Brandon Roundtree, Sgt. Travis Snider, and Ptlmn. Michael Janis ("City Defendants"), filed their motion to dismiss on February 20, 2013. On March 4, 2013, Plaintiffs filed a Response to City Defendants' Motion to Dismiss. In addidtion, Plaintiff filed a Notice of Compliance with Discovery on March 11, 2013. City Defendants' filed their reply on March 12, 2013.[1] For the reasons stated below, the undersigned recommends that City Defendants' motion to dismiss be **DENIED**.

**I.    RELEVANT BACKGROUND**

This action stems from a police entry onto the Elkhart property of Plaintiff J. John Marshall and his wife Marjorie Marshall, now deceased, on August 20, 2009. The complaint was filed on August 19, 2011, and remains in the discovery phase of litigation. The case failed

---

[1] Defendants also filed two other nearly identical versions of their reply brief on March 14, 2013 [Doc. No. 61] and April 3, 2013 [Doc. No. 68]. The Court will consider the first-filed March 12th brief as the operative reply brief for Defendants' motion to dismiss.

to progress until August 29, 2012, when this Court held a telephonic scheduling conference at the request of City Defendants. As of that date, three motions to dismiss from Defendants, JP Morgan Chase, Ameriprise Bank, JAKK Mortgage Company, and Robert Hasberger had been pending before the Court for ten or more months without any response from Plaintiffs. The Court ordered Plaintiffs to either file an amended complaint or voluntarily dismiss Defendants by October 1, 2012. In addition, the Court ordered the parties to exchange Rule 26(a)(1) initial disclosures by November 1, 2012.

As of October 9, 2012, Plaintiffs had not complied with the Court's order. Therefore, Defendants, JP Morgan Chase, Ameriprise, JAKK Mortgage, Hasberger, and LPS Field Services, filed notice of Plaintiffs' non-compliance and sought dismissal from the action in October 2012. As of October 22, 2012, Plaintiffs had not responded to the notice. The Court ordered Plaintiffs to respond to the notice by November 5, 2012. On November 1, 2012, Plaintiffs responded by filing motions to voluntarily dismiss Defendant Ameriprise and Plaintiff, Estate of Marjorie Marshall. Also on November 1, 2012, Plaintiffs filed an amended complaint.

On November 28, 2012, Defendants Hasberger and JAKK Mortgage filed a motion to dismiss Plaintiffs' amended complaint. Similarly, Defendant JP Morgan Chase filed a motion to dismiss the amended complaint on December 17, 2012. Plaintiffs filed their response briefs to both motions on January 7, 2013. In its order addressing these motions to dismiss, the Court noted that Plaintiffs' response briefs were untimely and failed to address the issues raised by Defendants in their motions. Doc. No. 62 at 1 n.1.

On January 7, 2013, City Defendants filed a motion to compel discovery responses and Rule 26(a) disclosures. City Defendants served Plaintiffs with interrogatories and a request for

production on October 19, 2011, and more than one year later, had still not received responses from Plaintiffs despite at least four informal agreements to extend deadlines to respond. In addition, as of January 7, 2013, Plaintiffs had not submitted their initial disclosures to Defendants despite this Court's order setting a November 1, 2012, deadline for those disclosures. Plaintiffs responded on January 16, 2013, by filing their initial disclosures without any explanation for their failure to meet the Court's deadline for such disclosures and without any reference to the outstanding discovery responses. As a result, the Court denied as moot City Defendants' motion to compel the initial disclosures, but granted the motion to compel the discovery responses. The Court ordered Plaintiffs to file their responses to City Defendants' interrogatories and request for production by February 12, 2013.

Once again, however, Plaintiffs failed to comply with the Court's order. As of February 20, 2013, Plaintiffs had not produced responses to City Defendants' interrogatories and request for production. As a result, City Defendants filed the instant Motion to Dismiss Pursuant to Fed. R. Civ. P. 37 and 41. Plaintiffs responded on March 4, 2013, by filing a response indicating that the discovery responses would be completed and served within the week. On March 11, 2013, Plaintiffs filed a Notice of Compliance with Discovery informing the Court that full and complete answers to the interrogatories and request for production had been served on counsel for the City of Elkhart on March 8, 2013. City Defendants filed their reply to the instant motion acknowledging Plaintiffs' March 8th discovery responses and amending their prayer for relief asking the Court both to strike Plaintiffs' March 8th discovery responses and dismissing this action as to them. On April 3, 2013, City Defendants also filed a Motion to Strike Plaintiffs' Discovery Responses, which is based on the same underlying discovery issues as the instant

motion to dismiss. The Court will address City Defendants' apparent interest in alternative relief to dismissal in its separate order ruling on the motion to strike.

**II.     ANALYSIS**

Federal Rule of Civil Procedure 37 provides for sanctions, ranging from court-ordered exclusions from the litigation to dismissal of the action, against parties who fail to comply with discovery obligations under the Rules. Specifically, a party may seek a court order compelling discovery or disclosure from the opposing party. Fed. R. Civ. P. 37(a). A party may be sanctioned if it fails to comply with the court order. Fed. R. Civ. P. 37(b). The Rules also contemplate the availability of the same broad range of sanctions for failure to disclose, to supplement discovery responses, or to admit and failure to attend a deposition, serve answers to interrogatories, or respond to a request for inspection. Fed. R. Civ. P. 37(c)–(d). The availability of such sanctions to district courts serves to penalize those who choose not to comply with discovery rules and to deter those who may be tempted to engage in such conduct. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). However, dismissal "is an extreme sanction and is thus permitted only in cases of 'flagrant bad faith' or counsel's 'callous disregard' of responsibilities." *Cont'l Ins. Co. v. Chase Manhattan Mortgage Corp.*, 59 F. App'x 830, 841 (7th Cir. 2003) (citing *Nat'l Hockey League*, 427 U.S. at 643). The movant seeking such an extreme sanction must establish that the opposing party's actions displayed willfulness, bad faith, or fault. *See Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) (citing *In re Thomas Consol. Indus., Inc.*, 456 F.3d 719, 724 (7th Cir. 2006); *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003)).

In addition, Rule 41(b) allows a defendant to move for involuntary dismissal of an action or any claims against it if the plaintiff fails to prosecute or to comply with these rules or a court order. However, "[a] court should only dismiss a cause of action pursuant to Rule 41(b) when there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven ineffective." *Lewis v. School Dist. # 70*, 648 F.3d 484, 488 (7th Cir. 2011) (internal quotations omitted).

In their motion to dismiss, City Defendants clearly sought the extraordinary sanction of dismissal under Rule 37 due to Plaintiffs' failure to comply with discovery obligations and Court orders regarding those discovery obligations. Moreover, City Defendants' contended that Plaintiffs' showed no just cause for the delayed discovery response. City Defendants' motion to dismiss also argued that by failing to comply with the Court's February 12, 2013, deadline, Plaintiffs have failed to prosecute their case justifying dismissal under Rule 41. Yet, by serving their discovery responses, Plaintiffs can fairly claim that they have fulfilled their production responsibilities. Even so, City Defendants have not withdrawn their motion to dismiss. Indeed, their reply brief demonstrates that they still seek sanctions against Plaintiffs for the cumulative effect of their untimely responses to this Court's orders throughout this action.

Under Rule 37, City Defendants carry a heavy burden as they attempt to persuade the Court to sanction Plaintiffs with dismissal. Plaintiff Marshall has explained that discovery responses for himself and the Estate of Marjorie Marshall were delayed because of health problems dating back to the end of 2011, which led to extensive travel to attend to matters left hanging during his substantial recovery. Doc. No. 58. Even though Marshall's explanation is weak given the paucity of detail and documentation to support his explanation, severe health

problems could reasonably delay any litigation. Plaintiff Wiley's mere acknowledgment of her delay without any further explanation is far less convincing. Regardless, City Defendants have not established that Plaintiffs' delay displayed willfulness, bad faith, or fault so as to justify dismissal for their discovery delay.

Under Rule 41, however, Plaintiffs' multiple instances of delay and disregard for this Court's orders over the course of this litigation establishes at the very least a clear record of delay. Plaintiffs' conduct might also be construed as contumacious because they never filed motions for extensions of time to meet discovery and court deadlines or provided detailed explanations for their delay to the Court. Because Plaintiffs' counsel is expected to know and use available procedural mechanisms to guide his client through the complicated procedural requirements of federal litigation, the undersigned attributes Plaintiffs' clear record of delay and potentially contumacious conduct to Plaintiffs' counsel. Consequently, the undersigned refuses to penalize Plaintiffs by dismissing their cause of action simply because of counsel's conduct. Therefore, the undersigned **RECOMMENDS** that City Defendants' motion to dismiss be **DENIED**. [Doc. No. 57].

However, the Court need not dismiss this action to order Plaintiffs or their counsel to pay City Defendants' expenses for litigation of the instant motion to dismiss. In fact, Fed. R. Civ. P. 37(b)(2)(C) requires the court to order a "disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply with a discovery order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." In this case, Plaintiffs, through their counsel, did not produce answers to City Defendants' interrogatories or a response to their request for production

6

by February 12, 2013, as ordered by this Court. Nor did they seek deadline extensions as contemplated by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 6(b)(1). Their failure forced City Defendants to file and litigate the instant motion to dismiss. Moreover, neither Plaintiffs nor their counsel have demonstrated that the failure was substantially justified or that an award of expenses is unjust. As a result, the Court must award reasonable expenses to City Defendants. Liked stated above, the Court refuses to penalize Plaintiffs for their counsel's failure to use available procedural mechanisms to comply with this Court's orders. Therefore, the undersigned further **RECOMMENDS** that Plaintiffs' counsel be **ORDERED** to pay the reasonable expenses, including attorney's fees, incurred by City Defendants in litigation of the instant motion to dismiss.

Finally, the undersigned notes that future delays in this case cannot be tolerated. This Court is obligated to administer this action so as to secure a just, speedy, and inexpensive determination. *See* Fed. R. Civ. P. 1. Therefore, the undersigned also **RECOMMENDS** that Plaintiffs be **ADVISED** that future delays without leave of court will demonstrate that this Court's sanctions have proven ineffective to both Plaintiffs and Plaintiffs' counsel and could result in dismissal of this action under Rule 41(b).

> **NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. Fed.R.Civ.P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED.**

Dated this 2nd day of May, 2013.

                                              <u>s/Christopher A. Nuechterlein</u>
                                              Christopher A. Nuechterlein
                                              United States Magistrate Judge