IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| J. JOHN MARSHALL, ESTATE OF MARJORIE MARSHALL, and KIMBERLY WILEY | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:11 CV 332 |
| JP MORGAN CHASE BANK, AMERIPRISE BANK, FIDELITY NATIONAL FIELD SERVICES, INC., JAKK MORTGAGE COMPANY, LPS, FIELD SERVICES, ROBERT HASBERGER , CITY OF ELKHART, CHIEF DALE PFLIBSEN, CPL. MICHAEL WINDMILLER, PTLMN. BRANDON ROUNDTREE, SGT. TRAVIS SNIDER, PTLMN. MICHAEL JANIS, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court on defendants the City of Elkhart, Chief Dale Pflibsen, Cpl. Michael Windmiller, Ptlmn. Brandon Roundtree, Sgt. Travis Snider, and Ptlmn. Michael Janis's motion, on their own behalf, and on behalf of their co-defendants, JP Morgan Chase, JAKK Mortgage Company, and Robert Hashberger (collectively "defendants"), to dismiss all of plaintiff Kimberly Wiley's claims against all defendants for failure to prosecute. (DE # 114.) Plaintiff Wiley has not responded to this motion, and the time to do so has passed. For the following reasons, defendants' motion is granted.

Defendants move to dismiss Wiley's claims for failure to prosecute under FEDERAL RULE OF CIVIL PROCEDURE 41(b), which states, in part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or

any claim against it." Defendants argue that Wiley has failed to prosecute this action by refusing to sit for her deposition, despite multiple attempts by defendants to schedule Wiley's deposition through her attorney and despite serving multiple notices of deposition for Wiley. (DE # 114 at 1-2.)

As Wiley has not responded to defendants' motion, she has failed to provide the court with any explanation for why she refused to sit for her deposition. The evidence attached to defendants' motion, however, reveals that Wiley's attorney lost contact with her at some point in the litigation and, apparently, was never able to locate her again. (*Id.* at 2, 4.) The evidence supporting defendants' motion, however, shows that defendants attempted to schedule Wiley's deposition with her attorney several times, and also served several notices of deposition for Wiley. (DE # 114-1.)

"Dismissal for failure to prosecute 'is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.'" *Gabriel v. Hamlin*, 514 F.3d 734, 736-37 (7th Cir. 2008) (quoting *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000)). In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *Id.* at 736-37; *see also Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff.").

Given the conduct of plaintiff Wiley, this case presents one of those "extreme situations" where dismissal is appropriate. *Gabriel*, 514 F.3d at 736-37. Defendants

attempted to schedule Wiley's deposition for almost a year (DE # 114-1), to no avail. Wiley provides no explanation for her failure to sit for her deposition, and her attorney cannot locate her. This conduct justifies dismissal.

The court also finds that proper warning has been given to Wiley. *See Gabriel*, 514 F.3d at 736;-37 *Sharif*, 376 F.3d at 725. "'Due warning' need not be repeated warnings and need not be formalized in a rule to show cause . . . . But there should be an explicit warning in every case." *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). In this case, plaintiff Wiley has received "due warning" multiple times. (DE # 70 at 7; DE # 71 at 4-5; DE # 79 at 2-3.) Several defendants previously moved to dismiss this case due to plaintiffs' failure to prosecute it (DE # 57), and although the court ultimately denied the motion (DE # 70; DE # 79), it warned the plaintiffs that further delays could result in dismissal of their suit. (DE # 70; DE # 79.) Thus, plaintiff Wiley was well aware that further failure to prosecute could result in dismissal of her suit.

In sum, the court concludes that plaintiff Wiley's claims against all defendants must be dismissed due to her failure to prosecute this action. *Jenkins v. Miles*, 553 F. App'x 638, 640-41 (7th Cir. 2014) (upholding district court's dismissal of plaintiff's case for failure to prosecute after plaintiff refused to sit for deposition). Defendants' motion to dismiss plaintiff Wiley's claims is **GRANTED** (DE # 114), and Wiley's claims against all defendants are hereby dismissed.

**SO ORDERED.**

Date: March 30, 2015

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT